UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RAUFBHAI ALTAFBHAI GHANCHI VOHRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00379-JRO-MJD |
| | ) | |
| MARKWAYNE MULLIN, Secretary of Homeland Security, | ) | |
| PAMELA BONDI, Attorney General of the United States, | ) | |
| JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services, | ) | |
| LAURA ZUCHOWSKI, Director, USCIS Vermont Service Center, | ) | |
| LOREN K. MILLER, Director, USCIS Nebraska Service Center, | ) | |
| TODD LYONS, Director, U.S Immigration and Customs Enforcement, | ) | |
| SAM OLSON, Field Office Director, Chicago Field Office, Enforcement and Removal Operations, US Immigration and Customs Enforcement, | ) | |
| WARDEN/JAIL ADMINISTRATOR, CLAY COUNTY JUSTICE CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING EMERGENCY MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER AND DIRECTING FURTHER PROCEEDINGS**

Before the Court is Plaintiff Raufbhai Altafbhai Ghanchi Vohra's emergency motion for an *ex parte* temporary restraining order and emergency motion for preliminary injunction, dkt. [2].  Plaintiff is a citizen of India who is currently in ICE custody at the Clay County Justice Center in Brazil, Indiana. Dkt. 1 at 4; Dkt. 2 at 2.  He filed this lawsuit pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 555(b); the Mandamus Act, 28 U.S.C. § 1361;

the Department of Homeland Security's immigration regulations, 8 C.F.R. § 214.14(d); and Section 214(p)(6) of the Immigration and Nationality Act. He challenges the Government's delay in ruling on his U-Visa application and request for work authorization, which he filed "[m]ore than 2 years ago" in March 2024. Dkt. 1 at 2, 10–13. Plaintiff alleges that he is "presently detain[ed] . . . pursuant to a prior removal order" and "faces imminent removal from the United States" before the agency reviews and action underlying his complaint is completed. Dkt. 2 at 3; *see* Dkt. 3 at 2. He asks the Court to "prohibit[] Defendants from removing Plaintiff from the United States pending further order of this Court," dkt. 2 at 5, and to "immediately stay Plaintiff's removal pending resolution of this action," dkt. 3 at 3.

Because Plaintiff alleges a final removal order has issued, the Court likely lacks jurisdiction to grant a temporary restraining order. And even if jurisdiction exists, Plaintiff's emergency motion has not demonstrated a sufficient likelihood of success on the merits to warrant this extraordinary remedy. Plaintiff also has not complied with the requirements of Rule 65(b)(1). The Court accordingly **DENIES** the emergency motion for temporary restraining order, dkt. [2]. Plaintiff's emergency motion for preliminary injunction and motion for emergency stay of removal remain under advisement, and the Court **DIRECTS** further proceedings as outlined below.

## I. LEGAL STANDARD

A temporary restraining order is an "extraordinary and drastic" interlocutory remedy authorized by Federal Rule of Civil Procedure 65(b) in

limited circumstances.  *Goodman v. Ill. Dep't of Fin. & Prof'l Regul.*, 430 F.3d 432, 437 (7th Cir. 2005).  A temporary restraining order "should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Id.*  The factors considered in determining whether a temporary restraining order should issue are substantially similar to those for a preliminary injunction.  *Accord Chi. Hous. Auth. v. Turner*, No. 1:25-cv-12670, 2025 WL 2972665, at *2 (N.D. Ill. Oct. 20, 2025) (explaining relationship between standards).

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20.  "The two most important considerations are likelihood of success on the merits and irreparable harm."  *Bevis v. City of Naperville*, 85 F.4th 1175, 1188 (7th Cir. 2023).

The Court construes Plaintiff's motion as falling under Rule 65(b)(1).  He requests an "immediate" temporary restraining order and "expedited consideration" of his motion, dkt. 2 at 5, and he represents that he is facing "imminent" removal from the country, *id.* at 3, 4; *see* dkt. 3 at 2.  A district court can issue a temporary restraining order without notice to the adverse party "only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney

certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

## II. DISCUSSION

Plaintiff's emergency motion for an *ex parte* temporary restraining order does not meet the requirements of Rule 65(b)(1). First, Plaintiff has not submitted evidence in the form of a verified petition or affidavit showing that the alleged immediate harm of removal is in fact imminent. Nor has Plaintiff attached a removal order or any other evidence explaining what he means by "imminent," such as whether he will be removed within the next 24 hours or within a few weeks. The Court therefore has no evidence from which to determine the urgency of Plaintiff's claims. Second, Plaintiff's attorney has not certified in writing that he made any attempts to notify Defendants or provided any reason why notice should not be required.

Even if Plaintiff had complied with the requirements of Rule 65(b)(1), he has not demonstrated a likelihood of success on the merits. As relief, Plaintiff asks the Court to issue an order "prohibiting Defendants from removing Plaintiff from the United States pending further order of this Court." Dkt. 2 at 5. But Plaintiff has not shown that the Court can grant the relief requested.

Latent jurisdictional issues linger here. Plaintiff does not address any of the potentially applicable statutes that strip district courts of jurisdiction over removal proceedings in certain instances. Specifically, courts may not hear any cause "on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders*

4

against any alien under this chapter." 8 U.S.C. § 1252(g) (emphasis added). Accordingly, the Executive's decisions to execute removal orders "are insulated from judicial review." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021). Similarly, 8 U.S.C. § 1252(b)(9) precludes judicial review "of all questions of law . . . including interpretation and application of statutory provisions . . . arising from any action taken . . . to remove an alien from the United States." This statute effectively prevents the Court from interfering with the Government's decision to execute a final removal order. Plaintiff's motion does not address the INA's jurisdictional provisions. So he has not shown, and the Court is not convinced, that the Court has jurisdiction to award the relief he seeks.

Plaintiff asserts that he "does not seek review of the underlying removal order," only "preservation of the status quo pending adjudication of the agency actions challenged in this case." Dkt. 2 at 3; *see* dkt. 3 at 2 (Plaintiff "does not collaterally attack the validity" of his removal order). Under Seventh Circuit precedent, this qualification makes no difference. The jurisdictional bar in Section 1252(g) applies even when an alien "challenges DHS's decision to execute her removal order while she seeks administrative relief" and "does not challenge the legality of her removal order." *E.F.L.*, 986 F.3d at 964. "Otherwise, § 1252(g) would be a paper tiger." *Id.* at 965. Nor does the fact that the action is brought under the APA cure the jurisdictional defect. Section 1252(g) "precludes judicial review" when the decision to execute a removal order "is discretionary"; in those circumstances, "[t]he APA is inapplicable." *Id.* (citing 5 U.S.C. § 701(a)). Because

5

Plaintiff attacks his removal head on, the Court cannot grant his emergency motion for an *ex parte* temporary restraining order.

Apart from the Court's jurisdictional concerns, Plaintiff's motion has not demonstrated a clear and obvious path to success on the merits. "Courts consistently find that a 'first in, first out' policy for processing U-visa petitions provides an adequate rule of reason." *Sepulveda Ayala v. Noem*, No. 3:25-CV-5185-JNW, 2025 WL 1616075, at *5 (W.D. Wash. June 5, 2025). Plaintiff acknowledges as much in his complaint. Dkt. 1 at 10–11. But courts in other jurisdictions have held that a two-year or more wait for a U-visa ruling is reasonable. *See Sepulveda Ayala*, 2025 WL 1616075, at *5 ("two-and-a-half-year delay falls within the range courts regularly find reasonable for visa processing, as courts regularly conclude that equal or longer delays are reasonable"); *see also, e.g.*, *Uranga v. USCIS*, 490 F. Supp. 3d 86, 103 (D.D.C. 2020); *L'Assoc. des Americains Accidentels v. U.S. Dep't of State*, 633 F. Supp. 3d 74, 82 (D.D.C. 2022); *A.C.C.S. v. Nielsen*, No. CV 18-10759-DMG, 2019 WL 7841860, at *4 (C.D. Cal. Sept. 17, 2019). While further briefing and a more developed record may provide additional insight, Plaintiff at this stage does not show a likelihood of success on the merits warranting the extraordinary remedy he seeks.

## III.  CONCLUSION AND DIRECTION OF FURTHER PROCEEDINGS

Because Plaintiff has not complied with Rule 65(b)(1) or shown that the Court can award the relief he seeks, the Court **DENIES** his emergency motion for an *ex parte* temporary restraining order, dkt. [2]. The emergency motion for

6

a preliminary injunction, dkt. [2], as well as the emergency motion for stay of removal, dkt. [3], remain under advisement.  The Court will promptly consider those motions after hearing from all parties.

**IT IS ORDERED** that the **Clerk shall** effect service of the complaint, dkt. 1, its exhibits, dkt. 1-2, the motion for temporary restraining order and preliminary injunction, dkt. 2, the motion for emergency stay of removal, dkt. 3, and this Order, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that counsel for all parties shall appear for a telephonic status conference with the undersigned on **Tuesday, June 2, 2026, at 12:30 p.m. EST.**  The parties must be prepared to discuss a discovery plan, a briefing schedule, and any other matters related to the pending emergency motions.  Counsel shall attend the conference by calling the designated telephone number, to be provide by the Court via email generated by the Court's ECF system.

**IT IS FURTHER ORDERED** that counsel for Plaintiff promptly serve a copy of this Order on counsel for Defendants at the below email addresses:

- Shelese Woods, Assistant U.S. Attorney – shelese.woods@usdoj.gov

- Liberty L. Roberts, Church Church Hittle & Antrim – lroberts@cchalaw.com

**SO ORDERED.**

Date:  5/27/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record

7